**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION (at Ashland)**

**OLIVIA E. HUDSON, and**
**EDWINA CORDLE**

  **Plaintiffs,**

  **v.**            **CIVIL ACTION NO. _____**

**LOUSIA COMMUNITY BANK, INC.,**

             **JURY TRIAL DEMANDED**

  **Defendant.**

**VERIFIED COMPLAINT**

The Plaintiffs, OLIVIA E. HUDSON ("Hudson") and EDWINA CORDLE ("Cordle") (collectively "Plaintiffs"), by and through undersigned counsel, bring this action pursuant to the provisions of 12 U.S.C. §1831j, against the Defendant, LOUISA COMMUNITY BANK, INC. ("Defendant"), to recover all damages, penalties, and other remedies provided in 12 U.S.C. §1831j (c), and attorney's fees, costs and punitive damages.

## JURISDICTION AND VENUE

 1)  This Court has jurisdiction of this action pursuant to 12 U.S.C. §1831j.

 2)  Venue is proper in the Eastern District of Kentucky in that all of the allegations set forth herein occurred in Louisa, Lawrence County, Kentucky.

## THE PARTIES

 3)  The Plaintiff, Olivia E. Hudson, is an individual residing in Lawrence County, Kentucky. Hudson was employed as the consumer loan officer for the Defendant from February of 2007 until she was discharged on or about March 21, 2014.

 4)  The Plaintiff, Edwina Cordle, is an individual residing in Lawrence County,

1

Kentucky.  Cordle was employed as the administrative assistant for the lending department from July of 2007 until she was terminated on or about July 1, 2014.

5)      The Defendant, Louisa Community Bank, Inc., is a Kentucky for-profit business registered with the Kentucky Secretary of State to conduct business in the Commonwealth of Kentucky with its principal office located at 4393 Highway 2565, Louisa, Lawrence County, Kentucky.  The Defendant's status with the Kentucky Secretary of State is currently listed as "bad standing."  The Defendant is also a depository bank with the Federal Deposit Insurance Corporation (FDIC) subject to the statutory authority of the FDIC.

## ADDITIONAL PARTIES

6)      The Defendant's Board of Directors is comprised of the following individuals:

   a)  Lonnie Hannah – Chairman of the Board
   b)  J. Roger Smith – Co-Chairman
   c)  Monte Hay
   d)  David McKenzie
   e)  Charlotte Enix
   f)  Gene A. Wilson
   g)  Kathy Reid
   h)  Gallie Isaac, Jr.

## FACTUAL ALLEGATIONS

**Olivia E. Hudson**

7)      On or about February 20, 2014, Hudson contacted a representative of the Federal Bureau of Investigation (FBI) to report banking irregularities.  In addition to the FBI, Hudson was advised to report the matter to the United States Attorney's Office.

8)      On or about February 21, 2014, Hudson contacted the United States Attorney's Office and again reported what she believed were banking irregularities at Louisa Community Bank, Inc.

9)      On or about a day during the week of March 7, 2014, Hudson and Cordle met with David McKenzie, a member of the Board of Directors, and Hudson and Cordle advised McKenzie that there were significant banking irregularities which were being orchestrated by Gene Wilson. At the time of the meeting, McKenzie advised Hudson and Cordle that he was obligated to report the irregularities that Hudson and Cordle had reported to the entire Board of Directors. At the same meeting, McKenzie advised both Hudson and Cordle that as a result of their report as whistleblowers their positions with the bank were protected.

10)     On or about March 14, 2014, after reporting the suspected banking irregularities to the FBI and United States Attorney's Office, Hudson was contacted by several members of the Board of Directors for the Defendant to discuss the ongoing banking irregularities. At the meeting, Hudson advised those in attendance that the irregularities had been reported to the FBI and the United States Attorney's Office. Prior to, and during the meeting, Hudson was advised that others involved in the Defendant's governance were planning on terminating her.

11)     Upon information and belief, the information provided by Hudson to the members of the Board on March 14, 2014, was communicated to Kathy Reid, a shareholder at the bank. During the conversation, Kathy Reid learned the following facts, facts which were directed to the entire Board of Directors in an email from Kathy Reid dated March 17, 2014:

> Then Friday evening on March 14, I got a phone call from LCB and was told that Lonnie, Roger, Monte, Charlotte, and Joe were present at a special meeting and they were adding David McKenzie by telephone. Lonnie said that Gene had threatened to use me and my voting rights to gain control of LCB. I worked with everyone on the board for many months and thought each one knew me and my work ethic. Gene never asked me to vote with him to gain control of LCB. Shame on all of the board members for believing anything close to that. I was asked by someone at the meeting about Gene's adding other members to the board to 'stack the deck' for his benefit and I stated that I knew nothing about that.
>
> ***I was told that Gene was orchestrating loans from LCB that were***

***unauthorized and unlawful.*** I was taken aback to hear that and find it hard to
believe. The facts should speak for themselves and corrections should be
made if necessary.

12)    On or about March 21, 2014, Hudson was contacted by Lonnie Hannah, the

Chairman of the Board. Hudson was advised that the Board of Directors for the Defendant was

scheduled to meet later in the day to discuss Hudson's employment at Louisa Community Bank.

During the telephone call with Lonnie Hannah, Hannah asked Hudson if she had done anything

since the meeting on March 14, 2014. In response, Hudson reported to Lonnie Hanna that she

had contacted the United States Attorney's Office, the Kentucky Attorney General's Office, the

FDIC and an attorney to represent her regarding her whistleblower report.

13)    Upon information and belief, at a shareholders meeting on March 21, 2014, the

shareholders voted to have Gene Wilson reappointed as a member of the Board of Directors at a

time when the shareholders, and the Board of Directors, knew or should have known that Gene

Wilson was involved in orchestrating questionable loans in violation of FDIC rules and

regulations.

14)    Upon information and belief, at the same meeting on March 21, 2014, Hudson's

termination was discussed. At or about the same time, Hudson had received communications

which indicated that Gene Wilson was plotting to have her terminated. Gene Wilson, as a

shareholder, was directly responsible for ordering Hudson to issue loans which were potentially

in violation of FDIC rules and regulations.

15)    On or about March 21, 2014, Hudson was summoned by the Board of Directors

where she was advised that they were attempting to determine whether to lay Hudson off from

her position, knowing that Gene Wilson would likely be returning to the Board and that Gene

Wilson intended to terminate Hudson as a result of Hudson reports to the FBI, United States

Attorney's Office and the FDIC.

16)     Upon information and belief, Hudson considered the comments of the members of the Board as a veiled threat.  Hudson departed the bank and considered herself constructively terminated.

17)     On or about March 22, 2014, David McKenzie contacted Hudson and advised her that Gene Wilson had been returned to the Board of Directors.  McKenzie requested Hudson to consider staying with the bank for ninety (90) days to assist the Defendant with correcting the banking irregularities.  Hudson was unable to accept the terms which would allow her to return to her position on the following Monday.

18)     Upon information and belief, Hudson was terminated as a direct and proximate cause of Hudson's report to the FDIC of banking irregularities.

**Edwina Cordle**

19)     On or about date in March of 2014, Cordle learned that banking irregularities could and should be reported to the FDIC.

20)     Upon information and belief, on or about March 19, 2014, and as a result of a discussions Cordle had had with Hudson about the ongoing banking irregularities, Cordle contacted the FDIC and filed a written complaint detailing what were believed to be banking irregularities.

21)     On or about a day in April of 2014, FDIC examiners began a detailed compliance examination of the operation of Louisa Community Bank, Inc.  During the compliance examination, the FDIC opened a separate investigation for compliance of the Bank Secrecy Act.  The examinations routinely takes three to five days to complete, however in this instance, the examinations continued for nearly eight weeks.  The findings of the examiners are due to be

5

revealed in or about July of 2014.

22)    On or about May 15, 2014, as a follow-up to Cordle's earlier discussions with McKenzie, Cordle sent an email to various members of the management staff and certain members of the Board of Directors wherein she advised that she was also responsible for contacting the FDIC and reporting banking irregularities.

23)    Upon information and belief, after Cordle revealed that she was also a whistleblower to the FDIC, Gene Wilson and other members of the management staff and members of the Board of Directors began a pattern of retaliating against Cordle.

24)    On or about May 23, 2014, Cordle was summoned to a meeting of the Board of Directors.  At the meeting, Lonnie Hannah, the Chairman of the Board, demanded to know exactly what information Cordle had provided to the FDIC.

25)    Upon information and belief, as a pretext to an attempt to intimidate and interfere with Cordle's cooperation with the FDIC examiners, Lonnie Hannah threatened to terminate Cordle based on an email which had been sent to Hudson.

26)    Upon information and belief, after enduring a month of various acts intended to intimidate and silence Cordle, on or about June 30, 2014, Cordle was summoned to a management meeting by Gene Wilson, who had recently been appointed the President of Louisa Community Bank.  Cordle repeatedly advised Wilson that she wanted to contact her attorney prior to meeting with him.  Wilson advised Cordle that if she failed to meet with those in attendance she would be terminated.

27)    Upon information and belief, at the same meeting, and because Cordle would not discuss confidential meetings or her written complaint with FDIC, Wilson ordered Cordle to leave her keys on the table, get her possessions, call her attorney and leave the bank.

6

28)    Upon and belief, on or about June 30, 2014, Cordle received a text message from Patty Carter which read, "Edwina, As Human Resources Officer and part of the management board I am writing to inform you that your employment status is put on hold until we continue the meeting we tried to conduct today."

29)    Upon information and belief, on or about July 1, 2014, Cordle attempted to return to her position at the bank and was not allowed to enter the bank.  As a result, Cordle reluctantly agreed to meet with Wilson, Patty Carter, Charlotte Enix and Joe Adams.  Cordle was advised to return to the bank at 9:00 a.m. for the meeting.

30)    Upon information and belief, when Cordle arrived at the meeting she was threatened over matters which she had discussed with the FDIC.  Wilson advised Cordle that if he determined that Cordle was lying about the matters discussed, Cordle would be fired.

31)    Upon information and belief, at around 5:32 p.m. on July 1, 2014, Cordle received a text which read, "Edwina, After conducting the meeting with you today management has decided to terminate your employment, effective immediately, due to breech (sic) of confidentiality."

32)    Upon information and belief, Cordle's termination for an alleged breach of confidentiality was a pretext to Cordle's termination in retaliation for her whistleblower report to the FDIC.

## VIOLATION OF 12 U.S.C. §1831j

33)    Plaintiffs, Olivia E. Hudson and Edwina Cordle, incorporate those allegations in the preceding paragraphs of the Complaint as though set forth in full in this cause of action.

34)    Plaintiffs, Olivia E. Hudson and Edwina Cordle, in their capacity as

employees of Defendant, Louisa Community Bank, Inc., provided information to the FDIC regarding possible violations of applicable laws and/or regulations and further gross mismanagement, gross waste of funds, and/or an abuse of authority by Louisa Community Bank, Inc. its directors, officers and/or employees.

35)     The disclosure of information set forth herein was the primary reason for, or a contributing factor in the decision of the Defendant, Louisa Community Bank, Inc., to terminate the Plaintiffs employment or otherwise discriminate against them.

36)     As a proximate result of Defendant's conduct and actions, Plaintiffs have been damaged, including but not limited to, loss of pay, humiliation, loss of enjoyment of life  and injury to their reputations and, pursuant to the provisions of 12 U.S.C. §1831j (c), the Plaintiffs seek the following relief:

A)  For reinstatement to their former positions at Louisa Community Bank, Inc., or compensatory damages for front and back pay in a reasonable amount to compensate the Plaintiffs for their loss of employment;

B)  For compensatory damages;

C)  For punitive damages for the willful, wanton and intentional conduct of Gene Wilson related to his attempts to silence and/or intimidate the Plaintiffs as a result of the reporting of banking irregularities the FDIC, banking irregularities which Wilson orchestrated;

D)  Attorney's fees and costs if deemed appropriate by the Court; and

E)  Any other relief the Court deems appropriate to remedy the conduct of the Defendant, its employees, officers, and/or directors.

**<u>JURY DEMAND</u>**

8

The Plaintiffs respectfully request a trial by jury.

Respectfully Submitted,


/s/Mark A. Wohlander
Mark A. Wohlander
Caitlin Wohlander
Danielle Brown, Of Counsel
Wohlander Law Office, PSC
P.O. Box 910483
Lexington, Kentucky 40591
Telephone: (859) 361-5604
Facsimile: (859) 309-1698
mark@wohlanderlaw.com
*Counsel for Plaintiff*
*Olivia E. Hudson*


/s/ Jarrod James Beck
Jarrod James Beck
Law Office of R. Michael Murphy, PLLC
709 Millpond Rd.
Lexington, KY 40514
Office: (270) 860-2025
Facsimile: (859) 422-5955
jarrod.beck@gmail.com
*Counsel for Plaintiff*
*Edwina Cordle*


*Served:*

Louisa Community Bank, Inc.
Registered Agent:
Mr. Gene A. Wilson
P.O. Box 702
Louisa, Kentucky  41230

M. Anthony Lowe
Regional Director
Federal Deposit Insurance Corporation
300 S Riverside Plaza, Suite 1700
Chicago, Illinois 60606