UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION (AT ASHLAND)

| | |
|---|---|
| **OLIVIA E HUDSON, et al.,** | : |
| **Plaintiffs,** | : |
| vs. | : CASE NO. 0:14-cv-00104-HRW |
| **LOUSIA COMMUNITY BANK, INC.,** (sic) | : |
| **Defendant.** | : |

### DEFENDANT'S ANSWER

Now comes Defendant Louisa Community Bank, Inc. ("Defendant" or the "Bank") and for its Answer to the Complaint states as follows:

Defendant denies all allegations in the opening paragraph of the Complaint and denies all allegations contained in the headings in the Complaint.

1.   Defendant admits that this Court has jurisdiction but denies any remaining allegations in Paragraph 1 of the Complaint.

2.   Defendant admits that venue is appropriate but denies any remaining allegations in Paragraph 2 of the Complaint.

3.   Upon information and belief, Defendant admits the first sentence of paragraph 3 of the Complaint. Defendant denies the allegations in the second sentence of Paragraph 3 of the Complaint.

4.   Defendant admits the allegations in Paragraphs 4 of the Complaint.

5.   Defendant admits the allegations in the first and third sentences of Paragraph 5 of the Complaint. Defendant denies the allegations in the second sentence of Paragraph 5 of the

Complaint.

6. Defendant admits the allegations in Paragraph 6 of the Complaint.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and on that basis denies the allegations in Paragraph 7 of the Complaint.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and on that basis denies the allegations in Paragraph 8 of the Complaint.

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant states the e-mail speaks for itself. Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant admits that at an annual shareholders meeting on March 21, 2014, Gene Wilson was reappointed as a member of the Board of Directors. Defendant denies the remaining allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 20 of the Complaint and on that basis denies the allegations in Paragraph 20 of the Complaint.

21. Defendant admits that FDIC examiners have conducted a compliance examination. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of the Complaint and on that basis denies the remaining allegations in Paragraph 21 of the Complaint.

22. Defendant admits that Cordle sent an e-mail on May 15, 2014 to certain managers and directors. Defendant denies the remaining allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant admits that Cordle was asked to attend a meeting of the Board of Directors. Defendant denies the remaining allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint

26. Defendant admits that Cordle was warned that if she refused to meet with the managers of the Bank her employment would be terminated. Defendant denies the remaining allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant admits the allegations in Paragraph 28 of the Complaint.

29. Defendant admits the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant admits the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant incorporates its responses to paragraphs 1 through 32 in response to Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint. Defendant denies that Plaintiffs are entitled to any of the relief sought.

37. Defendant denies each and every allegation not specifically admitted herein.

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs deliberately caused or participated in any alleged violation of law or regulation.

## THIRD DEFENSE

Plaintiffs knowingly and recklessly provided substantially false information to the FDIC and Attorney General.

## FOURTH DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

## FIFTH DEFENSE

To the extent that Plaintiffs failed to mitigate their damages, Plaintiffs are precluded from recovery.

## SIXTH DEFENSE

Plaintiffs' claims for relief are barred to the extent they exceed what is available under 12 U.S.C. § 1831j .

**SEVENTH DEFENSE**

Plaintiffs' claims for damages are barred, in whole or in part, by offset, payment, or compensation and benefits received by Plaintiffs through subsequent or additional employment or otherwise.

**EIGHTH DEFENSE**

Plaintiffs' claims fail to the extent they are untimely as a matter of statute, contract, or otherwise.

**NINTH DEFENSE**

Plaintiffs' claims are barred because they are without merit as a matter of both fact and law.

**TENTH DEFENSE**

All employment actions taken with respect to Plaintiffs were done for legitimate, non-retaliatory reasons. Alternatively, in the unlikely event that Plaintiffs establish that any alleged prohibited factor or protected disclosure was considered in any alleged adverse employment action, Defendant affirmatively asserts that such alleged adverse employment action would have been taken in the absence of any such motive or protected disclosure.

**ELEVENTH DEFENSE**

Defendant made reasonable and good-faith efforts to comply with federal law. Although Defendant denies that any of the unlawful actions alleged by Plaintiffs were taken, to the extent they were, they were contrary to Defendant's good-faith efforts to comply with federal law.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred because Defendant applied its business judgment, acted at all times in good faith, and had legitimate, non-retaliatory reasons for any employment actions that were unrelated to Plaintiffs' alleged protected activity.

**THIRTEENTH DEFENSE**

Defendant reserves the right to supplement this list to add defenses learned as a result of discovery.

**WHEREFORE**, Defendant Louisa Community Bank, Inc., having fully answered Plaintiffs' Complaint, respectfully requests that this Court enter judgment in its favor as follows:

1. Dismiss the Complaint in its entirety, with prejudice;

2. That Defendant be entitled to recover its costs, including reasonable attorneys' fees; and

3. Such further relief in law and equity to which it may be entitled.

Respectfully submitted,

/s/ Patricia Pryor
Patricia Pryor (94207)
Jackson Lewis P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, OH 45202
Telephone:  (513) 898-0050
Fax:  (513) 898-0051
E-mail:  pryorp@jacksonlewis.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 31st day of July, 2014, the foregoing Defendant's Answer was electronically filed using the Court's CM/ECF electronic filing system, which will send notice to:

      Mark A. Wohlander
      Caitlin Wohlander
      Danielle Brown, Of Counsel
      Wohlander Law Office, PSC
      P.O. Box 910483
      Lexington, KY 40591
      mark@wohlanderlaw.com

      *Counsel for Plaintiff Olivia E. Hudson*

      Jarrod James Beck
      Law Office of R. Michael Murphy, PLLC
      709 Millpond Road
      Lexington, KY 40514
      jarrod.beck@gmail.com

      *Counsel for Plaintiff Edwina Cordle*

                                            /s/ Patricia Pryor
                                            Patricia Pryor

4828-6299-3180, v. 1