DISTRICT OF KENTUCKY
NORTHERN DIVISION
A UNITED STATES DISTRICT COURT
EASTERN ASHLAND

Civil Action No. 14-104-HRW

OLIVIA E. HUDSON,                                                                PLAINTIFF,

v.                      **MEMORANDUM OPINION AND ORDER**

LOUISA COMMUNITY BANK, INC.,                             DEFENDANT.

This matter is before the Court upon Defendant Louisa Community Bank's Motion for Reconsideration [Docket No. 30]. The motion has been fully briefed by the parties and, for the reasons stated herein, the Court finds that Defendant has not argued sufficient grounds for reconsideration.

**I.**

Olivia Hudson filed this civil action against her former employer Defendant Louisa Community Bank, Inc. ("LCB"), alleging a violation of the "whistle-blower" provision of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA), 12 U.S.C. §1831j.

After discovery was complete, LCB sought summary judgment pertaining to all claims alleged herein. The undersigned overruled the motion, finding that the existence of factual issues precluded summary judgment. Specifically, the issue of whether Hudson suffered an adverse employment action is replete with questions of credibility and other factual inquiries.[1]

---

[1] In the same Memorandum Opinion and Order, this Court found in favor of LCB with regard to the wrongful termination claims alleged by Hudson's coworker, Edwina Cordle. Ms. Cordle failed to prove an element of §1831j and failed to establish any factual issues pertaining to her claim.

LCB asks this Court to reconsider its ruling and find that summary judgment is appropriate with respect to the claims of Hudson.

## II.

Motions to reconsider generally follow one of two avenues: Rule 59(e) allows a party to file "[a] motion to alter or amend a judgment" within 28 days of the entry of judgment. Fed. R. Civ. P. 59(e). Rule 60(b), as is relevant here, states that a court "may relieve a party . . . from a final judgment, order, or proceeding" for reasons including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b).

In either instance, the standards for reconsideration are necessarily high. There are only three grounds for a district court to amend its judgment: (1) to accommodate an intervening change in controlling laws; (2) to account for new evidence not available previously; and (3) to correct a clear error of law or to prevent manifest injustice. *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997).

## III.

LCB has not demonstrated that the law has changed in this regard. Nor has it presented this Court with new evidence in its favor. Therefore, it is left with the catchall provision of "correcting error" or "preventing manifest injustice." Yet, into this murky fray, LCB only provides a reiteration of the arguments it presented in support of its dispositive motion. The very arguments which were considered and, ultimately, rejected by this Court. A motion to reconsider is not an opportunity to reargue a case, yet it seems that what LCB desires. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 1998 WL 288685 (6th Cir. June 5, 1998) (citing *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). This is an insufficient

basis upon which the Court should disturb its original ruling.

LCB makes much of the fact that Rule 59 and 60 are not the procedural vehicles to which it has hitched this particular train, but, rather, the broader "inherent power" a district court has to "reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008) (internal quotation marks omitted). *See also, Holder v. Sanders*, Case No. 7: 13-38-ART, E.D. Ky. December 16, 2014.

LCB maintains that given the absence of a final judgment, Rules 59 and 60 do not apply and this Court must look beyond their strictures.

As Judge Thapar observed in *Holder v. Sanders*,

> The Court need not determine which course best serves this case. Whether the Court proceeds under Rule 59(e) or under its inherent powers, the Court may reconsider its prior order if there is a clear error or a need to prevent a manifest injustice.

*Id. citing Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (inherent powers); *Leisure Caviar, LLC v. U.S. Fish and Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (Rule 59(e)); *see also Doe v. Patton*, 381 F. Supp. 2d 595, 605 (E.D. Ky. 2005).

Regardless of the prism through which the undersigned views LCB's motion, the prior ruling and the record in this matter, it is clear that LCB has not demonstrated that an injustice occurred in allowing Hudson to present her claim to a jury.

## IV.

Accordingly, **IT IS HEREBY ORDERED** Defendant Louisa Community Bank's Motion for Reconsideration [Docket No. 30] be **OVERRULED.**

It is **FURTHER ORDERED** that the undersigned will convene a **PRETRIAL CONFERENCE** in this case on **MONDAY, APRIL 25, 2016** at **9:30 a.m.** at the United States District Courthouse in Ashland, Kentucky.

This 26th day of February, 2016.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge